Robert A. Rehbock
REHBOCK & REHBOCK
301 East Fireweed Lane, Suite 101
Anchorage, AK  99503
Telephone No.: (907) 277-5732
Facsimile No.: (907) 276-8289
ABA #7710159

Attorneys for Plaintiff
Paul C. Hodge

RECEIVED
MAY 2 2 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAUL C. HODGE<br><br>    Plaintiff,<br><br>vs.<br><br>CARLL MANSON, individually, and COOPER CAMERON CORPORATION, d/b/a COOPER ENERGY SERVICES and COOPER BESSEMER ENERGY SERVICES,<br><br>    Defendants. | Case No. 3:05-cv-0039-TMB |

## JOINT STATUS REPORT

Pursuant to the court's order dated May 9, 2006, the parties have conferred and hereby provide the court with a joint status report submitted by plaintiff's counsel.

Joint Status Report
*Paul C. Hodge v. Carll Manson, et al.*/Case No.: 3:05-cv-0039-TMB
8885-1(246959)

A.    **Nature of the Case.**

1.    <u>Lead Counsel.</u>  Plaintiff's lead counsel is Robert A. Rehbock, Rehbock & Rehbock, 301 E. Fireweed Lane, Suite 101, Anchorage, Alaska 99503. Defendant's lead counsel is Frank A. Pfiffner, Hughes Bauman Pfiffner Gorski & Seedorf, LLC, 3900 C St., Suite 1001, Anchorage, Alaska 99503-5931.

2.    <u>Basis for Federal Jurisdiction.</u>  This action is a civil action of which this court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which was removed to this court pursuant to the provisions of 28 U.S.C. § 1441(a) and (b).  It is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

Plaintiff Hodge was at the time of the filing of this action, and still is, a citizen of the State of Tennessee.  Defendant Manson was at the time of the filing of this action, and still is, a citizen of the State of California. Defendant Cooper Cameron Corporation is, and was at the time of the filing of this action, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Texas.

3.    <u>Nature of the Claim Asserted.</u>  This action sets for claims of negligence and reckless conduct as a result of an alleged workplace violence incident between plaintiff and defendant Manson on February 15, 2003, at Shemya, Alaska.

4.    <u>Name of Any Party Not Served.</u>  None.

5.    <u>Principal legal issues.</u>  Presently there are no dispositive or other legal issues for resolution by the court.  The case presents claims of negligence and reckless conduct.

6.    <u>Principal Factual Issues.</u>  There are factual issues about whether

defendant Manson's conduct was negligent or reckless, whether plaintiff was injured as a proximate result of that conduct, and, if so, the extent of the injury proximately caused by that conduct. Defendants claim that any injury was minor and should have resolved promptly and that any continuing complaints are caused by factors including, but not limited to, an unrelated pain disorder that are not the fault of defendants. Plaintiff claims that he has been unable to work since the incident and has continuing medical issues related to the incident.

**B. Discovery.**

1. <u>Completed Discovery and Any Remaining Discovery.</u> So far the parties have taken the depositions of defendant Carll Manson in California, plaintiff in Chattanooga, Tennessee, two doctors in Tennessee (one of those depositions has not yet been completed), an eyewitness in Antigua, and a Shemya fact witness by telephone from Arizona. The parties anticipate additional depositions including completion of the Tennessee medical deposition, three Oregon IME doctors, and three Shemya fact witnesses. The deadline for depositions has been extended by the court until June 30, 2006.

2. <u>Pending Motions and Anticipated Motions.</u> None.

3. <u>Previously Entered Rulings on Substantive Issues.</u> None.

4. <u>Previously Filed Status Reports.</u> The parties filed an initial scheduling and planning conference report dated March 24, 2005.

**C. Trial.**

1. <u>Anticipated Trial Length and Jury Demand.</u> The court has previously advised the parties in its scheduling order that the trial length would be three days. (Docket No. 12). A jury trial has been demanded.

D.  **Settlement.**

    1.  <u>Status of Any Settlement Discussions.</u>  There have been no settlement discussions.  The parties do not request a settlement conference.

DATED at Anchorage, Alaska, this 22nd day of May 2006.

                      REHBOCK & REHBOCK
                      Attorneys for Plaintiff

                      By: _____
                            Robert A. Rehbock
                            301 East Fireweed Lane, Suite 101
                            Anchorage, AK  99503
                            Telephone No.: (907) 277-5732
                            Facsimile No.: (907) 276-8289
                            ABA #7710159

Certificate of Service

I hereby certify that on May 22, 2006, a copy of the foregoing Joint Status Report was served via U.S. Mail on:

Frank A. Pfiffner
Hughes Bauman Pfiffner Gorski & Seedorf, LLC
3900 C Street, Suite 1001
Anchorage, AK  99503

_____

Joint Status Report
*Paul C. Hodge v. Carll Manson, et al.*/Case No.: 3:05-cv-0039-TMB
8885-1(246959)