Robert A. Rehbock
REHBOCK & REHBOCK
301 East Fireweed Lane, Suite 101
Anchorage, AK  99503
Telephone No.:  (907) 277-5732
Facsimile No.: (907) 276-8289
ABA #7710159

Attorneys for Plaintiff
Paul C. Hodge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAUL C. HODGE<br><br>    Plaintiff,<br><br>vs.<br><br>CARLL MANSON, individually, and<br>COOPER CAMERON CORPORATION,<br>d/b/a COOPER ENERGY SERVICES and<br>COOPER BESSEMER ENERGY<br>SERVICES,<br><br>    Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br>Case No. 3:05-cv-0039-TMB |

**PLAINTIFF'S STATUS REPORT**

    Pursuant to the court's order dated August 10, 2006, the undersigned counsel is not able to certify that the above-case is ready for trial at this time and that the following remains to be accomplished before a trial date is set:

**A.     Discovery.**

1.     <u>Remaining Discovery.</u>  Per the last Joint Status Report filed by the parties, additional witness depositions have been held of Mr. Castle, David Duffin, Dr. Lundy, Willis White, Dr. Wicher, Dr. Turco, Dr. Bell, Sandra Dean, Workers' Compensation Adjuster, and the conclusion of Dr. Bell's deposition on August 2, 2006.

a.     There is a simultaneous workers' compensation claim pending before the Alaska Workers' Compensation Board for Plaintiff.  On August 10, 2006 additional medical reports have been received from Plaintiff's treating physicians, Dr. Davis, Dr. Hoffman & Dr. Musick, as well as a Second Independent Medical Examination report dated 06/27/06 by Walter Ling, M.D.  These reports are being provided to Defendant's counsel on Supplemental Disclosure dated 08/24/06.  It is anticipated that additional depositions of Dr. Davis and the SIME physician, Dr. Ling will need to be taken by the parties.  Plaintiff's counsel's office is in the process at this time trying to arrange a convenient date for all parties to attend Dr. Davis' deposition.

b.     There are various proceedings pending before the Alaska Workers' Compensation Board and the parties had been waiting on Dr. Ling's 06/27/06 SIME report.  It is anticipated that a final hearing in Plaintiff's work related claim will be held sometime after the first of the year (2007).  It is premature to set a trial date in the above third party case before conclusion of the workers' compensation claim.

c.     The parties had agreed to extend discovery and the Alaska Workers' Compensation Board proceedings is likely to produce additional evidence.

d.     During period of timely discovery, we were advised that Dr. Davis would be timely deposed by defense.  It was not set as understood and it had been our understanding that we would arrange for Dr. Davis. We are attempting to take Dr. Davis' deposition for purposes of preserving witness for trial.  In regard to Dr. Ling (SIME physician), this is new medical evidence that was not available before close of discovery

and is relevant to the above case. We understand that defense opposes this and we will address the Court through motion practice to allow Dr. Davis' deposition in the event Dr. Davis is not available to appear at trial, as well as deposition of SIME physician, Dr. Ling.

    e. Plaintiff learned in April 2006 that the workers' compensation defense counsel and the personal injury defense counsel had entered into expert sharing agreement and for this reason, we cannot complete discovery in the above-case until the workers' compensation discovery is completed.

    2. <u>Pending Motions and Anticipated Motions.</u>  Yes anticipated motion practice regarding discovery issues and scheduling of further depositions.

    3. <u>Previously Entered Rulings on Substantive Issues.</u>  None.

    4. <u>Previously Filed Status Reports.</u>  The parties filed a Joint Status Report dated May 22, 2006.

 **C.** **Trial.**

    1. <u>Anticipated Trial Length and Jury Demand.</u>  The court has previously advised the parties in its scheduling order that the trial length would be three days. (Docket No. 12). A jury trial has been demanded.

 **D.** **Settlement.**

    1. <u>Status of Any Settlement Discussions.</u>  There have been no settlement discussions. The parties do not request a settlement conference.

 **E.** **Defendant's Response to Plaintiff's Status Report**

Defendants do not agree with plaintiff's status report in Part A or C. Discovery closed on June 30, 2006 (Docket No. 24). The only agreed upon discovery after the formal close of discovery was the completion of the depositions of Dr. Lynne Bell and

Sandra Dean who were not available for completion of their depositions prior to the close of discovery.

Plaintiff never attempted to depose Dr. Davis, a treating physician, prior to the close of discovery. Dr. Hoffman and Dr. Musick were never listed on plaintiff's timely filed witness list. Dr. Ling has not been listed on any witness list. Defendants object to any additional discovery. The case should be scheduled for trial now. The pending worker's compensation case should not control the third party liability case.

Relative to Part C, it is true that the original estimate of trial time was three days. However with five doctor perpetuation depositions (Drs. Kadrie, Lundy, Wicker, Turco and Bell) taken by defendants as well as several other perpetuation depositions (Willis White, David Duffin, and John Blazevich) in addition to the live testimony at trial, there is no way that this case can be tried in three days. It will take at least a week to present the evidence.

DATED at Anchorage, Alaska, this 28th day of August 2006.

REHBOCK & REHBOCK
Attorneys for Plaintiff

By: /s/ [Electronically filed]
Robert A. Rehbock
301 East Fireweed Lane, Suite 101
Anchorage, AK 99503
Telephone No.: (907) 277-5732
Facsimile No.: (907) 276-8289
ABA #7710159

<u>Certificate of Service</u>

      I hereby certify that on August 28, 2006, a copy of the foregoing Plaintiff's Status Report was served via U.S. Mail on:

Frank A. Pfiffner
Hughes Bauman Pfiffner Gorski & Seedorf, LLC
3900 C Street, Suite 1001
Anchorage, AK  99503

_____

Plaintiff's Status Report
*Paul C. Hodge v. Carll Manson, et al.*/Case No.: 3:05-cv-0039-TMB
8885-1(250602)